IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND JARAMILLO,

       Petitioner,

v.                                                     CIV 06-225 JH/CEG

CHRISTINE VALLEJOS, Warden, et al.,

       Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

       This matter is before the Court on Raymond Jaramillo's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 where he raises one issue – double jeopardy. *See Doc. 1* at 6. Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Michael Williams v. Taylor,* 529 U.S. 420, 429 (2000); *Lindh v. Murphy,* 521 U.S. 320, 326-327 (1997). All of the issues can be resolved on the record and, therefore, an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); *Rule 8(a), Rules Governing Section 2254 Cases In The United States District Courts.*

       This case involves two criminal informations. The first was a one-count information and charged Jaramillo with possession with intent to distribute crack cocaine on December 10, 2003. It is numbered "D-725-CR-2004-31," and was filed on March 18, 2004. *Doc. 2,* Exh. B. The second information was a two-count information and charged Jaramillo with distribution of crack cocaine on January 7, 2004 and with possession of drug paraphernalia. *Id.,* Exh. D. It is

numbered "D-725-CR-2004-32," and was also filed on March 18, 2004.  *Id.,* Exh. D.

The first information was amended on April 6, 2004, a week before Jaramillo signed his plea agreement.  The amendment changed the charge from possession with the intent to distribute on December 10, 2003, to actual distribution on December 10, 2003.  *See id.,* Exh. C (amended CR-2004-31, filed April 6, 2004); *id.,* Exh. E at 3 (plea agreement signed by Jaramillo on April 14, 2004).

Jaramillo's written plea agreement did not specify the different dates for two informations.  Instead, it recited that "Count 1" for each information was "attempt to Commit a Felony, to wit: Trafficking a Controlled Substance, (a lesser included offense of Trafficking a Controlled Substance), contrary to §30-28-1 and § 30-31-20, NMSA 1978, as amended, a third degree felony."  *Id.,* Exh. E at 1.  The plea agreement also noted that the paraphernalia count from the second information would be dismissed.  *Id.* at 2.

Jaramillo signed the plea agreement after the paragraph that states he read and understood the agreement, and discussed it with his attorney.  Id. at 3-4.  The agreement also contains the district court's notes showing that at the hearing, among other things, defendant understood the charges and possible sentence and entered the plea "knowingly, voluntarily, and intelligently."  *Id.* at 3-4.  Following the plea, Jaramillo was sentenced to three years on both counts, with the sentences to run consecutively for a total of six years.  The six-year sentence, however, was to run concurrently with the probation revocation and sentence imposed for three other cases prosecuted in 2000 and 2001.  *Id.,* Exh. A.

Both here and throughout the state postconviction proceedings, Jaramillo contends that the second information was dismissed, yet he pleaded guilty to the same crime – "count 1."  He

2

therefore contends that double jeopardy was violated because he received two consecutive sentences for "count 1." *See Doc. 1* at 6; *Doc. 2,* Exh. F at 2 (if numbered consecutively); *id.,* Exh. H at 1-3.  The state court rejected the state petition on the merits stating that "[i]t plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief as a matter of law." *Doc. 2,* Exh. G.  After ordering the state to file a response brief, which it did on the merits, the New Mexico Supreme Court denied certiorari.  *See id.,* Exhs. I-K.

Where, as here, a state court "adjudicates" the claim at issue on the merits, rather than disposing of a claim on a procedural ground, a federal court cannot grant a writ of habeas corpus unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1)-(2); *see also, e.g., Sperry v. McKune,* 445 F.3d 1268, 1271 (10th Cir. 2006); *Malicoat v. Mullin,* 426 F.3d 1241, 1246 (10th Cir. 2005), *cert. denied,* 126 S. Ct. 2356 (2006); *Gipson v. Jordan,* 376 F.3d 1193, 1196 (10th Cir. 2004), *cert. denied,* 126 S. Ct. 729 (2005).  Because AEDPA standards apply to even the most summary of dispositions, a state decision is not deemed  "contrary to" just because it fails to cite Supreme Court opinions, is unaware of Supreme Court precedent, or fails to address a claim or provide any reasoning for its decision.  Rather, the focus is whether the reasoning or the result of the state court decision is

3

either contrary to[1] established precedent or an unreasonable application[2] thereof.  *E.g., Mitchell v. Esparza,* 540 U.S. 12, 16 (2003); *Early v. Packer,* 537 U.S. 3, 8 (2002); *Gipson,* 376 F.3d at 1196-97.  Under § 2254(d)(2), a state decision rests on an "unreasonable determination of the facts" where Petitioner shows by "clear and convincing evidence" that the factual finding is erroneous.  Otherwise, the factual findings are presumed correct.  *E.g., Miller-El v. Dretke,* 545 U.S. 231, 240 (2005); 28 U.S.C. § 2254(e)(2).

It is clear from the state records before me that Jaramillo is confusing the dismissal of the paraphernalia charge with dismissal of the entire second information.  Furthermore, by focusing solely on the "count 1" language recited in the plea agreement, he is failing to acknowledge that the two informations were plainly for two different distributions on two different dates.  There is nothing in his assertions or the record indicating that he was unaware of the different dates in the informations.  Indeed, prior to filing his federal habeas petition, the State served its response to him that made the very same observation and attached copies of the informations, original and amended.  *See Doc. 2,* Exh. J at 4 (and attachments thereto).

---

[1] The phrase "clearly established federal law, as determined by the Supreme Court of the United States" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta" of the Supreme Court that set forth "the governing legal principle or principles . . . at the time the state court renders its decision." *Yarborough v. Alvarado,* 541 U.S. 652, 660-61 (2004) (internal quotations and citations omitted). "A state-court decision is contrary to [the Supreme] Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton,* 544 U.S. 133, 141 (2005) (internal citations omitted).

[2] "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown,* 544 U.S. at 141.  However, "it is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court" applied "clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade,* 538 U.S. 63, 75-76 (2003) (internal quotations and citations omitted). "Rather, that application must be objectively unreasonable." *Id.* at 76.

There is simply no factual basis for Jaramillo's double jeopardy claim and thus I cannot conclude that the state courts' decisions were "contrary to," "unreasonable," or "rested on an unreasonable determination of the facts."

Wherefore,

**IT IS HEREBY RECOMMENDED** that Jaramillo's § 2254 petition be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE